UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS D. BIBBS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:19-CR-151-TAV-DCP-9 |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant Demetrius Bibbs's motion for mistrial and for a partial verdict instruction [Doc. 514]. Defendant asks the Court to declare a mistrial as to him with respect to Counts 1, 2, and 13, and also asks that the jury be given the Sixth Circuit's pattern instruction regarding partial verdicts, instruction 9.03. The government opposes the motion [Doc. 515]. For the reasons set forth more fully below, the motion will be **DENIED**.

## I. Background

The Court begins with a brief summary of the recent events in this case. On July 7, 2021, defendant and seven codefendants began trial on the fourteen counts of the Second Superseding Indictment [Doc. 243] which applied to them [Doc. 495]. The first day of trial was taken up by jury selection [*Id.*]. Opening statements and the presentation of evidence began on July 8 [Doc. 498], and continued on July 9 [Doc. 499], and on July 12 through July 15 [Docs. 500, 503, 504, 506]. All parties rested their cases on July 15 [Doc. 506]. The Court conducted a charge conference with the parties on July 16 [Doc. 509].

Closing arguments began on July 19, concluded on the morning of July 20, and the jury began deliberations at 1:48 p.m. on July 20 [Docs. 510, 512]. Deliberations continued on July 21 and 22 [Docs. 513, 516].

At 2:52 p.m. on July 22, the jury submitted a question (the jury's second question of the trial) stating "[w]e cannot come to consensus on Charge 1 for Demetrius Bibbs, nor Charge 2 and 13. We also cannot come to consensus on Charge 1 for Jyshon Forbes and Trevor Cox. How do we proceed?" The Court directed the parties to return to the courtroom so that the Court could advise them of the jury question, and at 3:57 p.m., shortly before the Court took the bench to inform the parties of the first question, the jury submitted its second question of the day. That question stated "[w]hat amount of marijuana is considered an amount for distribution. What amount of heroin is considered an amount for distribution."

The Court discussed both questions with the parties. With respect to the first question, the government initially suggested that the Court consider giving a partial verdict instruction, specifically Sixth Circuit Pattern Criminal Jury Instruction 9.03. The defendants generally opposed giving that instruction at that time, arguing that the jury had not yet deliberated long enough to warrant such an instruction. Counsel for defendant Bibbs stated that he was considering whether to request a mistrial as to his client for Counts 1, 2, and 13, but needed additional time to consult with his client.

After further discussion, all parties agreed that the Court should send the jury home for the day and instruct them to continue their deliberations the following morning as

previously instructed by the Court. With respect to the second question, the parties agreed that the Court should instruct the jury that it should rely on the instructions previously given to them and the evidence presented at trial. The Court called the jury into the courtroom, gave them the agreed upon instructions, and the jury was dismissed for the day.

The Court gave defendant Bibbs leave to file any motions he deemed appropriate in light of the jury's question. The instant motion followed.

## II. Request for a Mistrial

Defendant Bibbs moves the Court for a mistrial as to him on Counts 1, 2, and 13. As grounds, defendant points to the jury's statement that it is unable to reach a consensus as to those counts and he claims that the jury has conducted "extensive deliberations." Defendant also states, incorrectly, that "[t]he jury's [first question] indicates that they have reached verdicts as to Counts 12 and 15 as to Mr. Bibbs"[1] [Doc. 514, ¶ 2]. Other than citing the use note of instruction 9.03 and Federal Rule of Criminal Procedure 31(b), which governs partial verdicts, defendant's motion does not cite any case law or other relevant authority.

In addressing the issue of declaring a mistrial based on a hung jury, the Sixth Circuit has ruled that:

> A trial judge's decision to declare a mistrial when he considers the jury to be deadlocked is accorded great deference by a reviewing court since the trial court is in the best position to assess whether the jury can reach a just verdict if it continues to deliberate. To determine whether a district court abused its discretion by declaring a mistrial, we consider the following factors: (1) a

[1] The jury question does not address Counts 12 and 15, so defendant's statement regarding those Counts is purely speculation.

> timely objection by the defendant, (2) the jury's collective opinion that it cannot agree on a verdict, (3) the length of the jury deliberations, (4) the length of the trial, (5) the complexity of the issues presented to the jury, (6) any proper communication which the judge has with the jury, (7) the effects of possible exhaustion and the impact which coercion of further deliberations might have on the verdict, and (8) the trial judge's belief that additional prosecutions will result in continued hung juries.

*United States v. Capozzi*, 723 F.3d 720, 727-28 (6th Cir. 2013) (internal citations omitted).

In this instance, the Court finds that the relevant factors do not yet weigh in favor of a mistrial as to Counts 1, 2, and 13 with respect to defendant Bibbs (or the other defendants referenced in the jury's question). Excluding the initial day of jury selection, but including opening statements and closing arguments, this trial lasted approximately seven full days, while the jury, as of the time of the jury question at issue, had deliberated only a little over two days.[2] The trial in this matter included eighteen witnesses [Doc. 505] and the jury was presented with approximately eight hours of audio and video recordings.

While the nature of the trial, mostly consisting of drug trafficking and firearm related crimes, would not normally be considered complex, this case involves eight codefendants facing 14 different counts, many of which apply to multiple defendants [Doc. 243]. The verdict form consists of 24 pages, and many of the questions include multiple sub-parts which the jury must address regarding what drugs a defendant might be

---

[2] Opening statements began the morning of July 8, and the Court conducted full trial days (commencing at approximately 9:00 a.m. and running through approximately 4:00 to 5:00 p.m.) on July 8, 9, 12, 13, and 14 [Docs. 498, 499, 500, 503, 504]. The parties rested at approximately 3:15 p.m. on July 15 [Doc. 506]. Closing arguments lasted nine to ten hours, taking up all of July 19 and the morning of July 20 [Docs. 510, 512]. The jury began deliberating at 1:48 p.m. on July 20 [Doc. 512] and continued deliberating July 21 and 22, except for lunch breaks and breaks to address jury questions [Docs. 513, 516].

responsible for, drug quantities, and lesser included offenses. Thus, the Court finds that this is a complex case. And while the Court finds that the approximately two days of deliberations are not long enough for the jury to reach the point of exhaustion, in light of the jury's indication that it was having trouble reaching consensus, and the late hour of the day when the Court called the jury in to address their question (around 4:00 p.m.), the Court believed, and the parties agreed, that the best approach would be to send the jury home for the day so that it could return the next morning to renew their deliberations.

Finally, the Court considers the questions it received from the jury on July 22. The first question did state that "we cannot come to consensus" as to some counts and defendants, but approximately one hour later the jury presented a second question asking what quantities of heroin and marijuana were necessary for a finding of distribution. This second question is of particular note because defendant Bibbs is charged with heroin related crimes in Count 1, one of the charges the jury indicated it was having difficulty with, as well as Count 12 (which was not addressed in the jury's first question of July 22). Thus, it appears that the jury was still deliberating as to at least some of the charges, possibly including one of the charges with which the jury was having difficulties.

Taking all of the above into account, the Court finds that it is too early to declare a mistrial at this stage of deliberations. The jury has not unequivocally stated that it is hopelessly deadlocked, and the other relevant factors all weigh against declaring a mistrial. Which is not to say that the question of whether the Court may eventually declare a mistrial

is foreclosed. The Court cannot predict what course the jury's deliberations will take. However, at this point the Court holds that further deliberation was and is appropriate.

## III. Partial Verdict Instruction

The Court turns next to the defendant's request that the Court give the Sixth Circuit Pattern Criminal Jury Instruction 9.03 regarding returning a partial verdict. The Sixth Circuit addressed when and if a court should offer such an instruction in the case of *United States v. Heriot*, 496 F.3d 601 (6th Cir. 2007). The *Heriot* court noted that:

> Federal Rule of Criminal Procedure 31(b)(2) provides, "If the jury cannot agree on all counts as to any defendant, the jury may return a verdict on those counts on which it has agreed." Defendant directs us to a case that gives the following gloss to partial verdicts: "[T]he trial judge treads a fine line in deciding whether to accept a partial verdict: he must neither pressure the jury to reconsider what it had actually decided nor force the jury to turn a tentative decision into a final one."

*United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007) (internal citations omitted). The Court is also mindful of the Committee Commentary to instruction 9.03 which states that "[e]ven if the jury has not specifically asked about or attempted to return a partial verdict, an instruction like this may be appropriate if the jury has deliberated for an extensive period of time. What constitutes an extensive period of time will depend on the nature and complexity of the particular case." Sixth Circuit Pattern Criminal Jury Instruction 9.03, cmt. (2021).

The Court takes further guidance from the Seventh Circuit case of *United States v. Moore*, 763 F.3d 900 (7th Cir. 2014), which conducts an exhaustive analysis of this issue, including references to Sixth Circuit precedent. The *Moore* court held that:

> [a] judge is not required to inform the jury in every case that it may return a partial verdict, nor does he become obliged to do so at the first sign of disagreement among the jurors. *See United States v. Dakins*, 872 F.2d 1061 (D.C. Cir. 1989). But when deliberations have grown long relative to the length of the trial and the number and complexity of the charges, and the judge is advised and convinced that there is a genuine impasse among the jurors as to one or more charges, certainly it is within his discretion to advise the jury that a partial verdict is among its options. *E.g., DiLapi*, 651 F.2d at 146-47; *cf. United States v. Vaiseta*, 333 F.3d 815, 818-19 (7th Cir. 2003) (district court did not abuse its discretion in taking partial verdict on six of seven counts after confirming that jury was genuinely deadlocked on remaining count).
>
> This is, however, delicate ground on which the judge must tread very carefully. *See Heriot*, 496 F.3d at 608; *United States v. Wheeler*, 802 F.2d 778, 781 (5th Cir. 1986). A premature inquiry into whether the jury has reached a verdict as to at least some charges, or an unprompted, mid-deliberations instruction informing the jury that it has the option to return a partial verdict, may impermissibly intrude upon the jury's deliberative process. *See Benedict*, 95 F.3d at 19; *DiLapi*, 651 F.2d at 146-47. The jury should be permitted to structure its deliberations as it wishes; and whether to return a partial verdict, and if so at what point during its deliberations, are questions that in the first instance are for the jury itself to answer. *Patterson*, 472 F.3d at 780-81; *DiLapi*, 651 F.2d at 146. Absent the jury's declaration that it is deadlocked as to one or more charges, asking the jury whether it has reached agreement as to any charge or giving the jury a supplemental instruction that it can return a partial verdict, might be construed by the jury as a hint from the court that it is taking too long to render a verdict. *See Patterson*, 472 F.3d at 780-81.

*United States v. Moore*, 763 F.3d 900, 911 (7th Cir. 2014).

With all of the above in mind, the Court finds that deliberations have not yet reached a stage that would be considered "extensive." While the jury has voiced some concerns about their ability to reach a unanimous verdict as to some counts and defendants, the fact that the jury issued a second, related inquiry shortly after the first calls into question whether the jury is hopelessly deadlocked. At this point the Court finds that the jury should

be allowed to continue its deliberations as previously instructed. To do otherwise runs the risk of improperly invading the jury's deliberative process. If the jury were to, at a subsequent time, indicate that it continues to have trouble reaching a consensus as to all counts and defendants, the Court and parties will address the issue at that time.

## IV. Conclusion

Accordingly, for the reasons set forth more fully above, defendant's motion [Doc. 514] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE